**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RENE GAINES (#108989)**                                      **CIVIL ACTION**

**VERSUS**

**GENE BORDELON, MAJOR, ET AL.**                               **NO. 07-0901-FJP-CN**

                           **consolidated with:**

**RENE GAINES (#108989)**                                      **CIVIL ACTION**

**VERSUS**

**GENE BORDELON, MAJOR, ET AL.**                               **NO. 08-0203-JJB-DLD**

## NOTICE

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

   In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Signed in chambers in Baton Rouge, Louisiana, December 16, 2008.

                                            *[signature]*
                           _____
                           **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RENE GAINES (#108989)**                                    **CIVIL ACTION**

**VERSUS**

**GENE BORDELON, MAJOR, ET AL.**                             **NO. 07-0901-FJP-CN**

**consolidated with:**

**RENE GAINES (#108989)**                                    **CIVIL ACTION**

**VERSUS**

**GENE BORDELON, MAJOR, ET AL.**                             **NO. 08-0203-JJB-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motions to Dismiss, rec.doc.nos. 21 and 27. These motions are opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Major Gene Bordelon, Lt.Col. Tyson Bonnette, Warden Burl Cain, Ass't Warden Donald Barr, Ass't Warden Mack Shaw, Unit Head Darrel Vannoy and Secretary Richard Stalder, alleging that his constitutional rights were violated by the failure of prison officials to allow him to have a hobby box and by their allowing other inmates to obtain hobby boxes in preference to him.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, ____ U.S. ____, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

notice of what the ... claim is and the grounds upon which it rests[.]" Id., quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, ___ U.S. ___, 127 U.S. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, in order to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or the "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

The plaintiff alleges in his Complaint that in July, 2005, he requested to be placed on the waiting list to receive a hobby-shop box. However, although prison regulations specified that hobby-shop boxes were to be awarded to inmates on a "first come/first served basis", he complains that some inmates were granted hobby-shop boxes before him, notwithstanding that their names were not placed on the list until

afterward. When he filed an administrative grievance relative to this claim, he was called to the office of defendant Tyson Bonnette and, when the plaintiff refused to drop the grievance, defendant Bonnette became angry and stated that the plaintiff would never be given a hobby-shop box.

Initially, it is unclear from the plaintiff's Complaint whether he has sued the defendants in their individual and/or their official capacities. However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims against the defendants in their individual capacities, the Court notes that although the plaintiff has named Secretary Richard Stalder, Warden Burl Cain, Unit Head Vannoy and Ass't Warden Donald Barr as defendants herein, the plaintiff has failed to allege sufficient connexity between the actions of these defendants and the alleged constitutional violations complained of. Pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing the alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith,

718 F.2d 756, at 768 (5th Cir. 1983).  In the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.  <u>Lozano v. Smith</u>, <u>supra</u>.  Any allegation that these defendants are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, it appears that, other than in the caption of the Complaint, the plaintiff has made no mention of defendants Stalder, Cain, Vannoy and Barr, and he has failed to include any factual allegations whatever against these defendants.  Accordingly, it is clear that the plaintiff has failed to allege the requisite personal participation by these defendants in the violations alleged.  They are therefore entitled to dismissal from this proceeding.

Turning to the plaintiff's claims against defendants Mack Shaw and Gene Bordelon, the plaintiff's sole assertion relative to these defendants is that, when he advised them of his complaint regarding the failure to assign him a hobby-shop box, both in person and through one or more administrative grievances, these defendants failed to take remedial action to address his problem.  The law is clear, however, that the plaintiff is not constitutionally entitled to an investigation of his complaints and administrative grievances or to a beneficial response thereto.  Further, there is no procedural due process right inherent in such a claim.  As stated by the United States Court of Appeals for the Fifth Circuit in <u>Geiger v. Jowers</u>, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

(Emphasis in original). Accordingly, the plaintiff's claim regarding the alleged failure of defendants Shaw and Bordelon to properly investigate or respond to his complaints or administrative grievances is without legal foundation and must be dismissed.

Finally, turning to the plaintiff's claims against the remaining defendant, Tyson Bonnette, the plaintiff alleges that, upon being called to the defendant's office, the plaintiff was questioned about his administrative grievance and, when the plaintiff refused to drop same, was threatened and told that he would never receive a hobby-shop box.

The plaintiff's claim fails to rise to the level of constitutional violation. In order for an inmate plaintiff to state a claim under 42 U.S.C. § 1983, he must allege a violation of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled in part, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). To obtain a protectable right, a person must have more than an abstract need, desire, or unilateral expectation of the interest at stake; he must have a legitimate claim of entitlement to it. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) citing Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

There is no federal constitutional provision which guarantees a prisoner the right to a hobby-shop box. The plaintiff contends, however, that he has a protected liberty interest in obtaining a box because the applicable prison regulation provides that the hobby-shop waiting list

"shall be administered on a first come/first served basis", thereby creating a substantive limitation on official discretion of prison officials. The plaintiff's attempt to locate a protected liberty interest based upon alleged language in the prison regulation, however, is misplaced. In Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Court embraced a new methodology for determining whether prison regulations create a liberty interest. Rather than relying upon the language of any purported statute or regulation for mandatory language and substantive predicates, the Court focused on the restriction or limitation imposed upon the inmate and concluded that, in order to be successful, an inmate's claim must involve a limitation or restriction that presents "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." In the instant case, the Court finds that the plaintiff's claim, that he was passed over for a hobby-shop box, did not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Accordingly, under Sandin, the plaintiff's claim must fail as a matter of law. See Assaad v. Ashcroft, 378 F.3d 471 (5th Cir. 2004) ("[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest"). Several courts in this Circuit have addressed similar issues and have reached similar conclusions. See, e.g., Randall v. Prator, 2008 WL 544464 (E.D. La. Feb. 12, 2008)(no liberty interest in failure to allow inmate to attend funeral of a family member); Champagne v. Terrell, 2007 WL 2772817 (W.D. La. Aug. 7, 2007)(same).

Notwithstanding the foregoing, the plaintiff also asserts that he has been denied equal protection of the law because prison officials have provided hobby-shop boxes to other inmates and have failed to provide him with one. The Equal Protection clause of the Fourteenth Amendment requires essentially that all persons similarly situated be treated

alike.  See Rolf v. City of San Antonio, 77 F.3d 823 (5th Cir. 1996).  In order to successfully plead an equal protection claim, however, a civil rights plaintiff must allege and show that prison officials acted with a discriminatory purpose and, thus, an inmate cannot base an equal protection claim solely on a personal belief that he has been a victim of discrimination.  Woods v. Edwards, 51 F.3d 577 (5th cir. 1995).  A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group."  Taylor v. Johnson, 257 F.3d 470 (5th Cir. 2001). Vague and conclusory allegations are insufficient to state an equal protection claim.  See Pedraza v. Meyer, 919 F.2d 317 (5th Cir. 1990). In the instant case, all that the plaintiff has alleged is that, when he complained to prison officials about certain inmates being granted a hobby-shop box in preference to him on the waiting list, officials responded that, "sometimes a warden will make a call and say 'give someone a box'".  This assertion is insufficient to state a claim that prison officials intentionally singled out a particular group for disparate treatment or that the plaintiff is even a member of such unidentified group.  Accordingly, the plaintiff's Complaint fails to state a claim upon which relief may be granted with respect to this issue, and the defendants are entitled to judgment as a matter of law.

The plaintiff also complains that the conduct of defendant Bonnette amounted to retaliation for his exercise of First Amendment rights. Specifically, the plaintiff contends that the defendant's refusal to grant him a hobby shop box and the defendant's assertion that the plaintiff would never be granted a hobby shop box were undertaken in response to the plaintiff's administrative grievance complaining of the failure to grant him a hobby shop box.  In this regard, prison officials are not allowed to retaliate against or harass an inmate merely because

of the inmate's exercise of his First Amendment right to seek access to the courts.  Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986).  A prison official may not harass an inmate in retaliation for the inmate complaining about the official's wrongful conduct.  Ruiz v. Estelle, supra; Gibbs v. King, supra.  However, although prisoners enjoy a well-recognized right to complain to supervisors of their jailers' wrongful conduct, this right is limited to the making of non-frivolous complaints involving the assertion of legitimate constitutional rights.  As stated in Johnson v. Rodriquez, 110 F.3d 299 (5th Cir. 1997):

> This right of access for prisoners is not unlimited, however; rather, it encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." [Citation omitted]....  Thus, neither any frivolous filings nor any secondary litigation activity, i.e., legal research and writing that does not involve preparation of lawsuits challenging ... the conditions of his or her confinement, may comprise the basis of a retaliation claim.

110 F.3d at 310-11 (emphasis added).  See also Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Tighe v. Wall, 100 F.3d 41 (5th Cir. 1996); Woods v. Smith, 60 F.3d. 1161 at 1166 (5th Cir. 1995), cert. denied, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996).  The plaintiff bears the burden of showing that his grievance activities involve the assertion of constitutionally cognizable claims.  Johnson v. Rodriquez, supra, 110 F.3d at 311 n. 16.

The Court concludes that based upon a review of the plaintiff's allegations, together with a review of the administrative grievance upon which the alleged retaliation was based, that he has failed to sufficiently allege the non-frivolous nature of his grievance activities.  Specifically, the plaintiff claims that he was retaliated against because of his ARP challenging the failure to award him a hobby shop box.  This

Court, however, has already concluded, above, that the plaintiff's claim relative to his hobby shop box is without merit and, accordingly, has recommended dismissal of that claim. See supra. Therefore, the plaintiff will be unable, as a matter of law, to establish the non-frivolous nature of his grievance activities and, for this reason, the Court recommends dismissal of the retaliation claim as well.

                            RECOMMENDATION

It is recommended that the defendants' Motions to Dismiss, rec.doc.nos. 21 and 27, be granted, dismissing the plaintiff's claims against the defendants Gene Bordelon, Burl Cain, Mack Shaw, Darrel Vannoy and Richard Stalder, with prejudice.

Signed in chambers in Baton Rouge, Louisiana, December 16, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**